UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LEE LOCKHART,

                Plaintiff,        **ANSWER**

   -against-

                                           16-cv-04429 (GBD)

NATIONAL RAILROAD PASSENGER CORP. and
HILTON WORLDWIDE, INC. d/b/a
DOUBLETREE by HILTON,

                Defendants.
------------------------------------------------------------------X

      Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

### WITH RESPECT TO THE PARTIES

      FIRST: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

      SECOND: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint, except admits that defendant Amtrak is a railroad corporation providing railroad transportation, in interstate commerce by rail, and operates a system and railroad yards within the jurisdiction of this Court and in various other States, with a place of business in New York, New York.

      THIRD: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

      FOURTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint, except admits that at certain times, Amtrak employed plaintiff in furtherance of defendant's business in interstate commerce.

4818-9992-1973v.1

FIFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint, except admits that Amtrak operated a rail system in and about New York, New York and Boson, Massachusetts upon which the defendant operated engines, trains and cars.

SIXTH: Defendant Amtrak admits the truth of each and every allegation contained in paragraph "6" of the Complaint.

SEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

EIGHTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "8" of the Complaint.

NINTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

**WITH RESPECT TO JURISDICTION**

TENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

ELEVENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

TWELFTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

4818-9992-1973v.1

## WITH RESPECT TO THE FACTS

FOURTEENTH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "14" of the Complaint.

FIFTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

SIXTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

SEVENTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

EIGHTEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

NINETEENTH: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

TWENTIETH: Defendant Amtrak denies the truth of each and every allegation contained in paragraph "20" of the Complaint.

## WITH RESPECT TO COUNT I
### Violation of FELA

TWENTY-FIRST: With respect to the allegations contained in paragraph "21" of the Complaint, defendant Amtrak repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "TWENTIETH" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-SECOND: Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

4818-9992-1973v.1

TWENTY-THIRD:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "23" of the Complaint.

TWENTY-FOURTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "24" of the Complaint.

TWENTY-FIFTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "25" of the Complaint.

TWENTY-SIXTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "26" of the Complaint.

TWENTY-SEVENTH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "27" of the Complaint.

## WITH RESPECT TO COUNT II
### General Negligence

TWENTY-EIGHTH:  With respect to the allegations contained in paragraph "28" of the Complaint, defendant Amtrak repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "TWENTY-SEVENTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-NINTH:  Defendant Amtrak denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

THIRTIETH:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "30" of the Complaint.

THIRTY-FIRST:  Defendant Amtrak denies the truth of each and every allegation contained in paragraph "31" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

THIRTY-SECOND: Any injuries suffered by plaintiff were caused solely by his own negligence and not by any negligence of the defendant Amtrak.

### SECOND AFFIRMATIVE DEFENSE

THIRTY-THIRD: Any injuries suffered by plaintiff were caused, in part, by his own negligence, and any recovery by plaintiff must be diminished in proportion to that part of his injuries attributable to his own negligence.

### THIRD AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendant Amtrak or any individual acting under its direction or control.

### FOURTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: If plaintiff has sustained any damages in this matter, which defendant Amtrak denies, then defendant Amtrak's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: This action should be transferred to the District of Massachusetts pursuant to 28 U.S.C. §1404.

### SEVENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Plaintiff's claim fails to state a claim against Amtrak under the Federal Employers' Liability Act.

4818-9992-1973v.1

**WHEREFORE,** defendant Amtrak demands judgment dismissing the Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
July 18, 2016

Yours, etc.,
LANDMAN CORSI BALLAINE & FORD P.C.

By: *[signature]*
Mark S. Landman
Attorneys for Defendant Amtrak
120 Broadway 27th Floor
New York, New York 10271
(212) 238-4800

TO: Marc Wietzke, Esq.
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234

Joel M. Simon, Esq.
SMITH MAZURE DIRECTOR WILKINS
YOUNG & YAGERMAN, P.C.
Attorneys for Defendant
Park Hotels & Resorts Inc. f/k/a Hilton
Worldwide, Inc. i/s/h/a Hilton Worldwide, Inc.
d/b/a Doubletree by Hilton
111 John Street
New York, N.Y. 10038
(212) 964-7400

6

4818-9992-1973v.1

## CERTIFICATE OF SERVICE

      I hereby certify that on July 18, 2016, I electronically filed the foregoing ANSWER, with the United States District Court for the Southern District of New York using CM/ECF system, which would then electronically notify the following CM/ECF participants in this case:

      Marc Wietzke, Esq.
      Flynn & Wietzke, PC
      1205 Franklin Avenue
      Garden City, New York 11530
      (516) 877-1234

      Joel M. Simon, Esq.
      SMITH MAZURE DIRECTOR WILKINS
      YOUNG & YAGERMAN, P.C.
      Attorneys for Defendant
      Park Hotels & Resorts Inc. f/k/a Hilton
      Worldwide, Inc. i/s/h/a Hilton Worldwide, Inc.
      d/b/a Doubletree by Hilton
      111 John Street
      New York, N.Y. 10038
      (212) 964-7400

      _/s/ Mark S. Landman_
      Mark S. Landman

DATED:     July 18, 2016

4834-6138-3477v.1